UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| James Grushack,<br><br>        Plaintiff,<br><br>        v.<br><br>New Jersey Department of Corrections, Marcus O. Hicks, in his official capacity as Commissioner of the NJ Department of Corrections, New Jersey Department of Human Services, Carole Johnson, in her official capacity as Commissioner of the NJ Department of Human Services, New Jersey Department of Health, Judith M. Persichilli, in her official capacity as Commissioner of the NJ Department of Health, Merrill Main, Marc Sims, George Robinson, James Slaughter, Ken Rozov, Shantay Adams, Dr. Doreen Stanzione, Therapist Doe 1-2, John Doe Corrections Officers 1-3, John Doe 1-10, and State Agency 1-10,<br><br>        Defendants. | Index No.: 2:21-cv-00623-JMV-MF<br><br>Civil Action: Violation of Civil Rights |

OMNIBUS MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

Respectfully submitted,


Edward J. Hesketh, Esq.
The Anthony P. Kearns Law Group, PC
Attorneys for Plaintiff

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

Preliminary Statement……………………………………………………………1

Factual Background………………………..……………………………………2

Standard of Review…………………………………………………………….2

Legal Argument……………………………………………………………...2

    I.    Defendants Cannot Avail Themselves To The Immunities Provided Under The New Jersey Tort Claims Act, <u>N.J.S.A.</u> 59:1-1 et seq., And Plaintiff Substantially Complied With The Act's Notice Requirements …………………...…….…..3

        A.  Defendants' Immunity Under The Tort Claims Act Is Abrogated By <u>N.J.S.A.</u> 59:2-1.3…………………………………………………………….…..3

        B.  To The Extent Necessary, Plaintiff Substantially Complied With The TCA'S Notice Requirements………………………………………………5

            i.  The legislature did not intend for the TCA's notice requirements to apply in suits where immunity is abrogated under <u>N.J.S.A.</u> 59:2-1.3…………………………………………………………...5

            ii.  Plaintiff substantially, if not strictly, complied with the notice requirements…………………………………………………….7

    II.    Defendants Are Not Entitled To Qualified Immunity Under 42 U.S.C. § 1983……………………………………………………………...10

    III.    Defendants Are Not Entitled To Qualified Immunity Under the NJCRA …................................................................................................14

    IV.    The Individual Defendant's Are Amenable to Suit In Their Personal Capacity ………………………………………………………………15

    V.    Plaintiff Is Not Required To Exhaust His Administrative Remedies ………………………………………………………………15

VI.     Plaintiff Is Entitled To Punitive Damages………………………………………16

VII.    Should The Court Determine That The Complaint Is Vulnerable To Dismissal In Whole Or In Part, Plaintiff Should Be Given An Opportunity To Amend…………………………………………………………………………...16

Conclusion…………………………………………………..……………………………...17

## TABLE OF AUTHORITIES

<u>Cases</u>                                                                      <u>Page(s)</u>

<u>Alston v. Parker</u>,
     363 F.3d 229, 235 (3d Cir. 2004)…………………………………………...……16

<u>Ashcroft v. Iqbal</u>,
     556 <u>U.S.</u> 662, 678 (2009)……………………………………………………….2

<u>Beauchamp v. Amedio</u>,
     164 <u>N.J.</u> 111, 121, 751 A.2d 1047 (2000)………………………………………7

<u>Bell Atlantic Corp. v. Twombly</u>,
     550 <u>U.S.</u> 544, 570 (2007)……………………………………………………...2

<u>Bishop v. Hackel</u>,
     636 F.3d 757, 766 (6th Cir. 2011)……………………………………………....12

<u>Boddie v. Schnieder</u>,
     105 F.3d 857, 861 (2d Cir. 1997)……………………………………………...12

<u>Boxer X v. Harris</u>,
     437 F.3d 1107, 1111 (11th Cir. 2000)………………………………………....12

<u>Estelle v. Gamble</u>,
     429 U.S. 97, 102-03 (1976)………………………………………………….11

<u>Farmer v. Brennan</u>,
     511 U.S. 825, 844 (1994)……………………………………………....11, 12, 13

<u>Ferreira v. Rancocas Orthopedic Assocs.</u>,
     178 <u>N.J.</u> 144, 151, 836 A.2d 779 (2003)……………………………………..8

<u>Galik v. Clara Maass Med. Ctr.</u>,
     167 <u>N.J.</u> 341, 353, 771 A.2d 1141 (2001)……………………………………8

<u>Gant v. Wallingford Bd. Of Educ.</u>,
     69 <u>F.3d</u> 669, 673 (2d Cir. 1995)……………………………………………….2

<u>Garrow v. Elizabeth Gen. Hosp. & Dispensary</u>,

79 N.J. 549, 561 (1979)………………………………………………………………15

Giron v. Corr. Corp. of Am.,
    191 F.3d 1281, 1290 (10th Cir. 1999)…………………………………………..…...12

Grayson v. Mayview State Hosp.,
    793 F.3d 103, 108 (3d Cir. 2002)……………………………………………………17

Hafer v. Melo,
    502 U.S. 21, 31 (1991)…………………………………………………………….....15

Harlow v. Fitzgerald,
    457 U.S. 800, 818 (1982)……………………………………………………………11

Hope v. Pelzer,
    536 U.S. 730, 737 (2002)……………………………………………………………11

Hudson v. McMillian,
    503 U.S. 1, 10 (1992)………………………………………..…………………….....11

In re Burlington Coat Factory Sec. Litig.,
    114 F. 3d 1410, 1434 (3d Cir. 1997)…………………………………………………17

Jefferson v. Twp. of Medford,
    No. 08-CV-6269, 2010 U.S. Dist. LEXIS 133683 at *39………………………...…14

Lebron v. Sanchez,
    407 N.J. Super. 204, 215 (App. Div. 2009)……………………………….…...7, 8, 10

Leidy v. Cty. of Ocean,
    398 N.J. Super. 449, 463, 942 A.2d 112 (App. Div. 2008)……………………………8

Lowe v. Zarghami,
    158 N.J. 606, 629, 731 A.2d 14 (1999)………………………………………...….….7

Matter of Civil Commitment of R.T.,
    2020 WL 1496821, at *1 (App. Div. March 27, 2020)…………………………….…15

Murray v. Brown,
    259 N.J. Super. 360, 365, 613 A.2d 502 (Law Div. 1991)……………………….....10

M.X.L. v. Dep't of Human Services,
    379 N.J. Super. 37, 38 (App. Div. 2005)……………………………………………...15

Newberry v. Twp. of Pemberton,
    319 N.J. Super. 671, 680, 726 A.2d 321 (App. Div. 1999)……………………………9

Pearson v. Callahan,
    555 U.S. 223, 231 (2009)……………………………………………………...……..11

Phillips v. Cty. of Allegheny,
    515 F.3d 224, 228 (3d Cir. 2008)……………………………………………………..2

Ricks v. Shover,
    891 F.3d 468, 475 (3d Cir. 2018)……………………………………………….11, 12

Schwenk v. Hartford,
    204 F.3d 1187, 1197 (9th Cir. 2000)…………………………………………………12

Shane v. Fauver,
    213 F.3 113, 116 (3d Cir. 2000)……………………………………………….......17

Sharrar v. Felsing,
    128 F.3d 810, 822 (3d Cir. 1997)……………………………………………………..9

Smith v. Wade,
    461 U.S. 30, 51, 103 S. Ct. 1625, 1637 (1983)…………………………………...16

State Farm Mut. Auto Ins. Co. v. Campbell,
    538 U.S. 408, 419, 123 S. Ct. 1513, 1521 (2003)…………………………………16

Thomas v. Independence Twp.,
    463 F.3d 285, 291-94 (3d Cir. 2006)………………………………………………10

Washington v. Hively,
    695 F.3d 641, 643 (7th Cir. 2012)…………………………………………………12

Whitley v. Albers,
    475 U.S. 312, 318 (1986)…………………………………………………….…..11

Statutes

C.2A:14-2a et al……………………………………………………………………...…6

C.2A:30B-2…………………………………………………………………………..….3

C.2A:53A-7 et seq……………………………………………………………………....6

C.2A:61B-1 …………………………………………………………………………..….3

N.J.S.A. 59:1-1 et seq…………………………………………………………………..….3

N.J.S.A. 59:2-1.3……………………………………………………………...…3, 5, 6

N.J.S.A. 59:8-4……………………………………………………………………….6

N.J.S.A. 59:8-4(c)…………………………………………………………….…9

N.J.S.A. 59:8-8……………………………………………………………......6, 9

Rules

Fed. R. Civ. P. 12 (b)(6)……………………………………….…………………...……2

Other

Assembly Judiciary Committee, New Jersey Committee Report,
    2018 N.J. A.B. 5392 (May 20, 2019)……………………………………………....6

Assembly Budget Committee, New Jersey Committee Report,
    2018 N.J. A.B. 5392 (June 17, 2019)……………………………………..…..4

## PRELIMINARY STATEMENT

Plaintiff James Grushack ("Plaintiff") filed suit against the above-captioned Defendants alleging violations of his constitutional rights under 42 U.S.C. §§ 1983 and 1988 and State tort claims. Plaintiff was subject to repeated sexual abuse and physical abuse by inmates at the STU due to the deliberate indifference and willful, wanton, or grossly negligent acts of the Defendants named herein.

The various Motions to Dismiss filed by Defendants all fail for similar reasons. First, Defendants cannot shield themselves from liability on Counts III-VIII based on the immunities provided in the New Jersey Tort Claims Act. N.J.S.A. 59:2-1.3 abrogates every immunity available to Defendants under the Tort Claims Act under these specific set of facts. Nor can Defendants rely on their arguments grounded in the Tort Claims Act notice provisions. The legislature did not intend for the Act's notice requirements to apply where immunity is abrogated under N.J.S.A. 59:2-1.3 and, even if it did, Plaintiff has substantially, if not strictly complied with the notice requirements.

Defendants rely heavily on qualified immunity to protect themselves from personal liability on Counts I and II. Despite Defendants contentions, they cannot rely on qualified immunity as Plaintiff has alleged sufficient facts to establish the violation of his Eighth Amendment right to be free of sexual abuse, that right is clearly established, and Defendants are amenable to suit in their personal capacities.

Plaintiff is not required to exhaust his administrative remedies as it would be futile and punitive damages are available under §1983. Accordingly, Defendants' motions must be denied entirely.

## FACTUAL BACKGROUND

Plaintiff will rely on the facts as alleged in Plaintiff's Complaint, annexed to Counsel's Certification as Exhibit A, and incorporate the same herein.

## STANDARD OF REVIEW

A district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." Phillips v. Cty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Id.

A Court may only grant a motion to dismiss pursuant to Fed. R. Civ. P. 12 (b)(6), where it appears beyond doubt that plaintiffs would be unable to prove facts in support of their claim that would entitle them to relief. Gant v. Wallingford Bd. Of Educ., 69 F.3d 669, 673 (2d Cir. 1995).

## LEGAL ARGUMENT

I.  **DEFENDANTS CANNOT AVAIL THEMSELVES TO THE IMMUNITIES PROVIDED UNDER THE NEW JERSEY TORT CLAIMS ACT, <u>N.J.S.A.</u> 59:1-1 ET SEQ., AND PLAINTIFF SUBSTANTIALLY COMPLIED WITH THE ACT'S NOTICE REQUIREMENTS**

    A. **Defendants' Immunity Under The Tort Claims Act Is Abrogated By <u>N.J.S.A.</u> 59:2-1.3**

Defendants collectively rely on various immunities afforded to them under the New Jersey Tort Claims Act ("TCA"), <u>N.J.S.A.</u> 59:1-1 et seq. in support of dismissing Counts III, IV, V, VI, VII, and VIII ("Tort Claims"). Their reliance is misplaced as <u>N.J.S.A.</u> 59:2-1.3 was put into effect on December 1, 2019.

> "Notwithstanding any provision of the 'New Jersey Tort Claims Act,' N.J.S.59:1-1 et seq., to the contrary: (1) immunity from civil liability granted by that act to a public entity or public employee shall not apply to an action at law for damages as a result of a sexual assault, any other crime of a sexual nature, a prohibited sexual act as defined in section 2 of P.L.1992, c.7 (C.2A:30B-2), or sexual abuse as defined in section 1 of P.L.1992, c.109 (C.2A:61B-1) being committed against a person, which was caused by a willful, wanton or grossly negligent act of the public entity or public employee." <u>N.J.S.A.</u> 59:2-1.3(a)(1).

The statute on is clear on its face, Defendants cannot rely upon any of the immunities available to them under the TCA in actions at law for damages as a result of a sexual assault and they meet the culpability requirement. To the extent the statute's language is open to interpretation, the Assembly Budget Committee's Statement to the Bill is instructive:

> "It would expressly provide that the statutory immunity from lawsuits granted to public entities and public employees pursuant to the 'New Jersey Tort Claims Act,' N.J.S.59:1-1 et seq., would not be applicable with respect to the following types of sexual abuse lawsuits: an action at law for damages against a <u>public entity or public employee</u> as a result of sexual abuse *being committed against a person, which was caused by a willful, wanton or grossly negligent act of the public entity or public employee.*" <u>Assembly Budget</u>

3

<u>Committee, New Jersey Committee Report,</u> 2018 N.J. A.B. 5392 (June 17, 2019) (emphasis in original).

Defendants are barred from immunity under the TCA as the present action is for damages as a result of sexual abuse committed against Plaintiff caused by willful, wanton, and grossly negligent acts of numerous public entities and officials.

Plaintiff has alleged willful, wanton and grossly negligent conduct throughout the complaint against each moving defendant.

The Complaint outlines specifically how Plaintiff continuously informed DOC, DHS, DOH, and STU employees, including, but not limited to, Merrill Main, Marc Sims, George Robinson, James Slaughter, Ken Rozov, Shantay Adams, Marcus Hicks, Doreen Stanzione, "Mr. Ven Pelt", "Mrs. Madru", "CO Conway", CO Imoka", "CO Matthews", and the Assistant Superintendent of the DOC, that Brook was threatening him if he did not engage in sexual acts with him, raping him, exposing himself to plaintiff, and engaging in other acts of sexual misconduct and violence. <u>Exhibit A</u> ¶ 31, 33, 35, 38, 41, 43, 44, 47, 50 He further informed DOC, DHS, DOH, and STU employees, including, but not limited to,  Merrill Main, Marc Sims, George Robinson, James Slaughter, Ken Rozov, Shantay Adams, Marcus Hicks, Doreen Stanzione, "Mr. Ven Pelt", "Mrs. Madru", "CO Conway", CO Imoka", "CO Matthews", and the Assistant Superintendent of the DOC that other residents in the south wing were physically abusing him. <u>Exhibit A</u> ¶ 48. Plaintiff's public defender highlights the overwhelming evidence of sexual misconduct from Brooks, including Plaintiff's bruising, witness accounts, and other victims, as she expresses her concerns to Defendants. <u>Exhibit A</u> ¶ 41, 42, 44.

4

Despite the many attempts at outreach and help, and the overwhelming evidence of Brooks repeated sexual misconduct, these Defendants and their associated public entity employers took no action and allowed Plaintiff to endure the extremist of violence. Instead of receiving help, Plaintiff was manipulated by DHS and DOH employees[1], ridiculed and told to stop complaining by DOC employees[2], and ignored by everyone as his body continued to be violated[3].

The willful, wanton, and grossly negligent conduct of these Defendants resulted in Plaintiff's repeated sexual abuse and the Complaint sufficiently pleads such conduct. Accordingly, Defendants cannot avail themselves to the immunities provided in the TCA.

## B. To The Extent Necessary, Plaintiff Substantially Complied With The TCA'S Notice Requirements

Defendants further contend that Plaintiff failed to substantially comply with the TCA's notice requirements. This argument fails for two reasons. First, the legislature did not intend for the TCA's notice requirements to apply where immunity is abrogated under N.J.S.A. 59:2-1.3. Second, Plaintiff substantially complied with the notice requirements.

### i. The legislature did not intend for the TCA's notice requirements to apply in suits where immunity is abrogated under N.J.S.A. 59:2-1.3.

Under the TCA, a claimant must file a notice of claim within ninety (90) days of the accrual of the cause of action, containing certain information to allow the public to investigate

---

[1] Exhibit A ¶ 43, 45, 49, 51
[2] Exhibit A ¶ 32, 50, 51
[3] Exhibit A

and evaluate the merits of the claim, or face dismissal. N.J.S.A. 59:8-8; N.J.S.A. 59:8-4. The

TCA's notice requirement cannot apply to suits where immunity is abrogated under N.J.S.A.

59:2-1.3.

N.JS.A. 59:2-1.3. was introduced as Assembly Bill No. 5392 ("Bill") and became effective

on December 1, 2019. The Assembly Judiciary Committee reported favorably on the Bill,

stating:

> "This [B]ill establishes new liability standards in sexual abuse lawsuits filed
> against public entities and public employees. These new standards are
> identical to the liability standards applied to non-profit organizations, and
> their officers, employees and other agents, based on exceptions to the
> immunity granted to such organizations and agents under the Charitable
> Immunity Act, P.L.1959.c.90 (C.2A:53A-7 et seq.), as revised by P.L.2019,
> c.120 (C.2A:14-2a et al.). Assembly Judiciary Committee, New Jersey
> Committee Report, 2018 N.J. A.B. 5392 (May 20, 2019).

The legislature created a new liability standard for sexual abuse suits against public employees

and public entities and intended for that standard to be analogous to the exceptions to the

Charitable Immunity Act, also effective December 1, 2019. Exhibit C. The Judiciary

Committee further outlines that the Bill will take effect on December 1, 2019, will create a

new, extended, statute of limitations period of seven years, and establishes a two-year window

during which actions may be commenced even though they would otherwise be time-barred.

Assembly Judiciary Committee, New Jersey Committee Report, 2018 N.J. A.B. 5392 (May 20,

2019); N.J.S.A. 59:2-1.3(b). The effective date and statutes of limitations of the Bill are identical

to those in the Charitable Immunity Act exceptions.

The exceptions to the Charitable Immunity Act do not carry any notice requirements. By establishing a two-year window to bring time-barred suits, the legislature could not have intended to impose the TCA's notice requirement in suits against public entities and public employees as a result of sexual abuse committed against a person, caused by the willful, wanton, or grossly negligent act of the public entity or employee. To require the same is antithetical to the Bill's purpose, to open public entities and employees to liability based on a certain level of involvement in a claimant's sexual abuse and causes it to diverge from the Charitable Immunity Act exceptions. Removing the time-bar for two-years becomes meaningless if notices of claim must still be submitted within 90 days of accrual. It is unlikely that those who were previously time-barred would have filed any notice of claim within 90 days of accrual allowing them to file suit when the statute of limitations reopened on December 1, 2019. A review of the statute and legislative history behind it leads to the conclusion that the legislature did not intend for the TCA's notice requirements to apply in these specific set of cases and could not have intended to require it after allowing time-barred suits for a period of two-years beginning on December 1, 2019.

### ii. Plaintiff substantially, if not strictly, complied with the notice requirements.

The notice requirements of the TCA are "not intended as a 'trap for the unwary.'" Lebron v. Sanchez, 407 N.J. Super. 204, 215 (App. Div. 2009) (quoting Lowe v. Zarghami, 158 N.J. 606, 629, 731 A.2d 14 (1999)). The Supreme Court recognizes that the notice requirements are "more properly denominated as a notice of injury or loss." Beauchamp v. Amedio, 164 N.J.

111, 121, 751 A.2d 1047 (2000). "Substantial rather than strict compliance with the notice requirements of the Act may satisfactorily meet the statute's mandates." Lebron, 407 N.J. Super. at 215.

A party arguing substantial compliance must show: "(1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of [a plaintiff's] claim; and (5) a reasonable explanation why there was not strict compliance with the statute." Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144, 151, 836 A.2d 779 (2003) (quoting Galik v. Clara Maass Med. Ctr., 167 N.J. 341, 353, 771 A.2d 1141 (2001)). Here, Defendants are not prejudiced, Plaintiff took every step necessary to comply, did generally comply, provided reasonable notice of claim, and can reasonably explain the lack of strict compliance, to the extent that Plaintiff did not strictly comply.

To establish prejudice, Defendants must show "[m]ore than a sweeping generalization." Lebron, 407 N.J. Super. at 220 (citing Leidy v. Cty. of Ocean, 398 N.J. Super. 449, 463, 942 A.2d 112 (App. Div. 2008)). Defendants do not argue prejudice and cannot demonstrate prejudice based on the notice of tort claims ("Notice") submitted by Plaintiff. Exhibit E. Though the notice highlights only the most recent incident of abuse against Plaintiff, it further states that Brook was involved in at least 12 incidents of sexual assault or indecent exposure and that every incident was reported. It puts the Department of Corrections ("DOC"), Department of Health ("DOH"), and Department of Human Services ("DHS") on notice that numerous employees from then-Commissioner Hicks down were implicated in some manner. All of the

facts necessary to begin an effective investigation into Plaintiff's claims were available and could be drawn from the Notice. Defendants cannot be said to be prejudiced as the Notice was not deficient.

Plaintiff followed the necessary steps to comply, and was in general compliance, with the statute. Plaintiff submitted a notice of tort claim within 90 days of the date of accrual pursuant to N.J.S.A. 59:8-8. N.J.S.A. 59:8-4(c) requires plaintiff to provide information that will "permit the public entity [to] promptly…investigate the claim." Newberry v. Twp. of Pemberton, 319 N.J. Super. 671, 680, 726 A.2d 321 (App. Div. 1999). Plaintiff provided sufficient information in the Notice to the DOC, DOH, and DHS to permit them to investigate the claim. Plaintiff outlined the abused he suffered on that particular day and noted the involvement of a number of public employees and officials. Plaintiff indicated these employees and officials knew of 12 other instances of sexual abuse by the perpetrator, Brook. Defendants were presented with enough information to investigate the claim and had the claim been investigated, the other instances of abuse suffered by Plaintiff prior to November 9, 2019, would have been revealed.

Plaintiff provided reasonable notice of his claims by way of the Notice. In fact, the notice was provided within the 90-day statutory period. Beyond that, each individual defendant named herein were personally put on notice by Plaintiff, his father, and public defender of the allegations in the Notice and present Complaint. Exhibit A ¶ 31, 33, 35, 38, 41, 43, 44, 47, 48, 50.

It appears Defendants primary issue as to compliance with the Notice is that it lacked information as to the abuse Plaintiff suffered prior to November 9, 2019. A "claimant has the right to assume that the information as given has been considered by the governmental entity to be sufficient for its purposes." Murray v. Brown, 259 N.J. Super. 360, 365, 613 A.2d 502 (Law Div. 1991). "If deficiencies in the notice were uncovered, justice and fairness require a plaintiff be advised, not ignored." Lebron, 407 N.J. Super. at 219 (citing Murray, 259 N.J. Super. at 365). As previously stated, Defendants were provided with sufficient information that an investigation into Brook's 12 other instances of abuse would have revealed the prior instances of abuse against Plaintiff. Instead, Plaintiff's Notice was ignored like every other cry for help he made to the individual defendants named herein over 2019.

It is unclear what more Defendants need to evaluate Plaintiff's claim as sufficient information was provided to investigate the occurrence, employees involved, and previous occurrences. Plaintiff strictly complied with the notice requirements of the TCA as prescribed within the statute. To the extent failure to include the previous incidents bars Plaintiff from strict compliance, he substantially complied with the TCA as demonstrated above.

## II.   DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY UNDER 42 U.S.C. § 1983

"Sexual abuse of prisoners, once overlooked as a distasteful blight on the prison system, offends our most basic principles of just punishment. Sexual abuse invades the most basic of dignity interests: to be treated as a human being. We condemn such abuse as it is simply not

part of the penalty that criminal offenders pay for their offenses against society." <u>Ricks v. Shover</u>, 891 F.3d 468, 475 (3d Cir. 2018) (internal citations and quotation marks omitted).

Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Pearson v. Callahan</u>, 555 U.S. 223, 231 (2009); <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982). The Court must apply "a two-pronged analysis to decide (1) whether the plaintiff alleged sufficient facts to establish the violation of a constitutional right, and (2) whether the right was 'clearly established' at the time of the defendant's actions. <u>Pearson</u>, 555 U.S. at 232.

The Eighth Amendment guarantees prisoners the right to be free from "cruel and unusual punishments" while in custody. <u>Whitley v. Albers</u>, 475 U.S. 312, 318 (1986). "The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment"; and "among unnecessary and wanton inflictions of pain are those that are totally without penological justification." <u>Hope v. Pelzer</u>, 536 U.S. 730, 737 (2002) (alterations and internal quotation marks omitted). "Conduct is repugnant to the conscience of mankind when it is "incompatible with evolving standards of decency" or involves "the unnecessary and wanton infliction of pain." <u>Hudson v. McMillian</u>, 503 U.S. 1, 10 (1992) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 102-03 (1976)).

Plaintiff's Eight Amendment rights were clearly established at the time of Defendants' actions. The Supreme Court has held that "prison officials have a duty…to protect prisoners from violence at the hands of other prisoners." <u>Farmer v. Brennan</u>, 511 U.S. 825, 844 (1994).

11

The Third Circuit has recently joined numerous sister Circuits in holding that prison sexual abuse can violate the Constitution. <u>Ricks</u>, 891 F.3d at 475 (2018); s<i>ee</i> <u>Washington v. Hively</u>, 695 F.3d 641, 643 (7th Cir. 2012); <u>Boxer X v. Harris</u>, 437 F.3d 1107, 1111 (11th Cir. 2000); <u>Schwenk v. Hartford</u>, 204 F.3d 1187, 1197 (9th Cir. 2000); <u>Giron v. Corr. Corp. of Am.</u>, 191 F.3d 1281, 1290 (10th Cir. 1999); <u>Boddie v. Schnieder</u>, 105 F.3d 857, 861 (2d Cir. 1997); <u>Bishop v. Hackel</u>, 636 F.3d 757, 766 (6th Cir. 2011). The question that remains for this Court is whether Plaintiff's Complaint alleges sufficient facts to establish the violation of his Eighth Amendment rights.

To raise a constitutional claim for deliberate indifference to an inmate's safety under the Eighth Amendment, Plaintiff must make a two-part showing: (1) the alleged mistreatment was objectively serious; and (2) the defendant subjectively ignored the risk to the inmate's safety. <u>Farmer</u>, 511 <u>U.S.</u> at 834, 114 S.Ct. 1970.

The mistreatment here is objectively serious and of the worst kind, continued sexual and physical abuse over the course of 2019. "Sexual abuse invades the most basic of dignity interests: to be treated as a human being." <u>Ricks</u>, 891 F.3d at 475 (2018). Plaintiff was not treated as a human being by any of the public employees named herein. Each individual Defendant named had actual knowledge or should have known of the abuse Plaintiff was suffering. <u>Exhibit A</u> ¶ 31, 33, 35, 38, 41, 43, 44, 47, 48, 50. The perpetrator, Brooks, was reported on at least 12 occasions for sexual harassment, sexual assault, and rape while housed in the south wing of the STU. <u>Exhibit A</u> ¶ 25. Plaintiff reported the November 9, 2019 incident to SID and IA for investigations. <u>Exhibit A</u> ¶ 31. Plaintiff and his father placed calls to

12

Defendants Rosov and Hicks complaining of the repeated sexual assaults. Exhibit A ¶ 33. Plaintiff and his father wrote a letter to Defendant Hicks personally complaining of the repeated sexual assaults Exhibit A ¶ 35. Plaintiff and his father wrote a letter to the DOH regarding the sexual assaults. Exhibit A ¶ 38. Defendant Stanzione knew of the sexual abuse and used that knowledge to manipulate Plaintiff, an individual with borderline intelligence, during therapy. Exhibit A ¶ 43, 45, 49, 51. Each individual defendant named herein knew or should have known that Plaintiff was suffering from repeated sexual abuse. Exhibit A ¶ 47, 48, 50. Plaintiff's public defender pled with Defendants Stanzione and Main and the Assistant Superintendent of the DOC to help Plaintiff as he was still routinely being punched in the ribs, highlighting the overwhelming evidence of Brooks sexual misconduct, including Plaintiff's bruising, witness accounts, and other victims. Exhibit A ¶ 41, 42, 44. None of them did anything to stop it. There should be no question that the alleged mistreatment is serious.

To establish the subjective component, an inmate must show that the officials acted with "deliberate indifference" to the inmate's health or safety. Farmer, 511 U.S. at 834, 114 S.Ct. 1970. An official is deliberately indifferent if he or she "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." Id. at 837, 114 S.Ct. 1970. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence…and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id. at

842, 114 S.Ct. 1970. To say these Defendants were deliberately indifferent to Plaintiff's health and safety is an understatement. Defendant Stanzione knew of the sexual assaults and deliberately used that knowledge to manipulate Plaintiff during group therapy. Exhibit A ¶ 43, 45, 49, 51. An unidentified corrections officer threatened Plaintiff with additional lockup time if he continued to complain about being sexually assaulted. Exhibit A ¶ 32. Other corrections officers actively joked about the sexual violence Plaintiff was enduring. Exhibit A ¶ 50, 51. As outlined above, each individual Defendant was made aware of the continued abuse by either Plaintiff or his father. Exhibit A ¶ 47, 48, 50. His public defender attempted to call attention to Plaintiff's plight. Exhibit A ¶ 41, 42, 44. Despite such efforts to report the abuse and the overwhelming evidence of Brooks misconduct, none of the individuals named herein took action. This is the definition of deliberate indifference.

Plaintiff has alleged sufficient facts to establish the violation of his Eighth Amendment right to be free of sexual abuse as clearly established by the United States Supreme Court and Third Circuit.

### III.   DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY UNDER THE NJCRA

The New Jersey Civil Rights Act ("NJCRA") has been referred to as "…the State's analogue to Section 1983 and is often interpreted in virtually the same manner as its federal counterpart." Jefferson v. Twp. of Medford, No. 08-CV-6269, 2010 U.S. Dist. LEXIS 133683 at *39. As such, Defendants are not entitled to qualified immunity under the NJCRA for the same arguments raised in favor of the § 1983 claims.

IV.   **THE INDIVIDUAL DEFENDANT'S ARE AMENABLE TO SUIT IN THEIR PERSONAL CAPACITY**

A state official sued in his or her personal capacity is amenable to suit under §1983. Hafer v. Melo, 502 U.S. 21, 31 (1991). Plaintiff concedes the individual defendants, in their official capacities only, must be dismissed as to Counts I and  II. That does not, however, preclude Plaintiff from proceeding against the individual defendants in their personal capacities as to Counts I and II or proceeding against the individual defendants in their official capacity as to the remaining Tort Counts.

V.   **PLAINTIFF IS NOT REQUIRED TO EXHAUST HIS ADMINISTRATIVE REMEDIES**

Defendants claim Plaintiff is required to exhaust his administrative remedies through the STU's grievance process prior to commencing suit. In support, Defendants rely upon two cases where STU inmates brought suit challenging their MAP (Modified Activities Program) status. Plaintiff in Matter of Civil Commitment of R.T., 2020 WL 1496821, at *1 (App. Div. March 27, 2020) is requesting removal from his MAP status. Plaintiff in M.X.L. v. Dep't of Human Services, 379 N.J. Super. 37, 38 (App. Div. 2005) is challenging his placement in MAP. The Court in M.X.L. notes that upon entry every STU resident is advised that if they believe their status is not properly assessed, a grievance can be filed. M.X.L., 379 N.J. Super. at 47.

Here, Plaintiff has brought suit for money damages. The STU grievance process is not going to award Plaintiff money damages for sexual assault he incurred due to its employees deliberate indifference. As Defendants note, the "exhaustion doctrine is not absolute" and exceptions exist when the administrative remedies would be futile. Garrow v. Elizabeth Gen.

Hosp. & Dispensary, 79 N.J. 549, 561 (1979). Here, it would be futile for Plaintiff to go through

the STU grievance process for money damages.

## VI.     PLAINTIFF IS ENTITLED TO PUNITIVE DAMAGES

Punitive damages are available in § 1983 actions where Plaintiff establishes the actions

were either intentional or committed with reckless or callous disregard for Plaintiff's rights.

Smith v. Wade, 461 U.S. 30, 51, 103 S. Ct. 1625, 1637 (1983). "The most important indicium of

the reasonableness of a punitive damages award is the degree of reprehensibility of the

defendant's conduct." State Farm Mut. Auto Ins. Co. v. Campbell, 538 U.S. 408, 419, 123 S. Ct.

1513, 1521 (2003).

Defendants' complete and deliberate indifference to the Plaintiff's sexual abuse rises

to the level of reckless or callous disregard for Plaintiff's rights warranting punitive damages

under § 1983. The prolonged sexual abuse Plaintiff endured due to Defendants' indifference

is particularly reprehensible as Defendants allowed Plaintiff to suffer for the better part of a

year.

## VII.    SHOULD THE COURT DETERMINE THAT THE COMPLAINT IS VULNERABLE TO DISMISSAL IN WHOLE OR IN PART, PLAINTIFF SHOULD BE GIVEN AN OPPORTUNITY TO AMEND

This Circuit has instructed that where a complaint is vulnerable to Rule 12(b)(6)

dismissal, "a District Court must permit a curative amendment, unless an amendment would

be inequitable or futile."  Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).  The court has

held that even when a plaintiff does not seek to leave to amend, if a complaint is vulnerable to

12(b)(6) dismissal, a District Court must permit a curative amendment, unless the amendment

would be futile.  Grayson v. Mayview State Hosp., 793 F.3d 103, 108 (3d Cir. 2002) (citing

Shane v. Fauver, 213 F.3 113, 116 (3d Cir. 2000) ("we suggest that district judges expressly

state, where appropriate, that plaintiff has leave to amend for a specified period of time, and

that dismissal of the action may be made if a timely amendment is not forthcoming within that

time").  Dismissal without leave to amend is justified only on the grounds of bad faith, undue

delay, prejudice or futility.  Id. at 115 (citing In re Burlington Coat Factory Sec. Litig., 114 F.

3d 1410, 1434 (3d Cir. 1997).

Given the explicit facts set forth in the complaint should the court believe the

complaint is vulnerable to dismissal, Plaintiff should be afforded the opportunity to amend the

Complaint.  As stated in this Opposition, Plaintiff believes he has sufficiently pled claims upon

which relief may be granted.

<u>CONCLUSION</u>

For the aforementioned reasons, Plaintiff respectfully requests that this Court deny

Defendants' Motions to Dismiss in their entirety.

*/s/ Edward J. Hesketh*
Edward J. Hesketh, Esq.
The Anthony P. Kearns Law Group, PC
54 Old Highway 22, Suite 251
Clinton, NJ 08809
T: 908-243-0800
F: 908-450-1409
Attorney for Plaintiff

Dated: July 16, 2021

17