

**State of New Jersey**

| | | |
|---|---|---|
| Philip D. Murphy<br>*Governor*<br><br>Sheila Y. Oliver<br>*Lt. Governor* | Office of the Attorney General<br>Department of Law and Public Safety<br>Division of Law<br>25 Market Street; PO Box 112<br>Trenton, NJ 08625-0112 | Andrew J. Bruck<br>*Acting Attorney General*<br><br>Michelle L. Miller<br>*Director* |

July 30, 2021

**VIA ELECTRONIC FILING**
Hon. John Michael Vasquez, U.S.D.J.
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Courtroom PO 03
Newark, NJ 07101

    Re:   James Grushack v. Department of Corrections, et al.
           Docket No. 2:21-CV-00623

Dear Judge Vasquez:

Please accept this letter-brief in reply to Plaintiff's Opposition to Defendants Department of Corrections and Marcus Hicks' Motion to Dismiss. Defendants have moved to dismiss the entirety of Plaintiff's Complaint as to them.

Plaintiff concedes that dismissal of Counts I and II of his complaint is appropriate. See Plaintiff's Opposition, ECF No. 29 at 15. Counts I and II of Plaintiff's Compliant allege claims against Moving Defendants under 42 U.S.C. § 1983 and the NJCRA. See Plaintiff's Complaint, ECF No. 1 at 12-14. Plaintiff has only sued Defendant Hicks in his official capacity. See id. at 1. Neither the Department of Corrections, which is a State entity,



nor Defendant Hicks, who as a state official is considered an extension of the State rather than a person, are amenable to suit for monetary damages under either statute. Accord Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Brown v. State, 442 N.J. Super. 406, 425-26 (App. Div. 2015), rev'd on other grounds, Brown v. State, 230 N.J. 84 (2017). Plaintiff agrees. See ECF No. 29 at 15. As such, Counts I and II of Plaintiff's Complaint should be dismissed with prejudice as to moving defendants.

Each of Plaintiff's arguments in opposition fail, and the remainder of Plaintiff's Complaint should be dismissed as to moving defendants.

## I. Moving Defendants are entitled to qualified immunity as to Plaintiff's 42 U.S.C. § 1983 and NJCRA claims.

In opposition, Plaintiff argues that moving defendants are not entitled to qualified immunity as to Plaintiff's claims under 42 U.S.C. § 1983 or the NJCRA. See ECF No. 29 at 10-14. Plaintiff argues that the Eighth Amendment claims set forth in his complaint were clearly established at the time of Defendants actions, and as such, defendants are not entitled to qualified immunity. Id. at 18-19.

Plaintiff is incorrect. As discussed at length in defendants moving papers, Plaintiff has not made a sufficient showing. Plaintiff has not alleged any specific actions or inaction taken by moving defendants that in any way contributed to the allegations

in Plaintiff's Complaint.  See, generally, ECF No. 1.  Nor has Plaintiff pleaded facts to suggest moving defendants had any specific knowledge related to the allegations.  Ibid.  Likewise, Plaintiff's opposition papers points to no specific actions taken by or actual knowledge possessed by moving defendants.  See ECF No. 29 at 17-21.  Instead, Plaintiff reiterates that calls were made to Defendant Hicks and letters were written, without pointing to any facts as to whether anyone actually spoke to Defendant Hicks and made him aware of the allegations set forth in his Complaint.  See ECF No. 29 at 19.  Thus, Plaintiff does not add any new information in opposition to support a finding that moving defendants had knowledge of any of the actions set forth in Plaintiff's Complaint nor that moving defendants acted with deliberate indifference.  According, Plaintiff's Complaint sets forth only bare allegations, insufficient to defeat moving defendants' entitlement to qualified immunity.  Accord Connor v. Powell, 162 N.J. 397, 409 (2000) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)).  Therefore, Defendants are entitled to qualified immunity as to Plaintiff's Section 1983 and NJCRA claims, warranting dismissal of Count III of Plaintiff's Complaint as to them.

**II.   Plaintiff's argument regarding N.J.S.A. 59:2.13 do not apply to moving defendants.**

In opposition, Plaintiff argues that moving defendants cannot avail themselves of any immunities under the Tort Claims Act because their immunity is abrogated by N.J.S.A. 59:2.13.  See ECF No. 29 at 10.  N.J.S.A. 59:2.13 precludes immunity to public entities or their employee for actions involving sexual assault, or other sex crimes, which are "committed against a person, which was caused by a willful, wanton or grossly negligent act of the public entity or public employee."  N.J.S.A. 59:2.13(a)(1).

Plaintiff claims that he "has alleged willful, wanton and grossly negligent conduct through the compliant against each moving defendant," thus, demonstrating that N.J.S.A. 59:2.13 applies here.  See ECF No. 29 at 11.  This is simply not true. The only time willful or wanton conduct is mentioned in Plaintiff's Compliant is with respect to punitive damages.  See ECF No. 1 at 21, ¶¶ 108, 110.  Still Plaintiff did not plead what, if any, specific conduct by moving defendants was committed with "willful indifference" or what acts constituted a "wanton and willful disregard for the safety, protection, and well-being of Plaintiff."  See ibid.  Gross negligence is only mentioned with respect to a "longstanding and pervasive pattern of misconduct and/or gross negligence," rather than any specific conduct by moving defendants related to the allegations in Plaintiff's

Complaint.  See id. at 12, ¶ 60.  Likewise, no facts are pleaded to establish that either moving defendant had an actual knowledge as it relates to the allegations in Plaintiff's Complaint.  See, generally, ECF No. 1.  Accordingly, Plaintiff has not pleaded the type of "willful, wanton, or grossly negligent act[s]" by the Department of Corrections or Marcus Hicks, such that N.J.S.A. 59:2.13 would preclude their immunity.

### III.   Plaintiff is not entitled to punitive damages

In opposition, Plaintiff argues that he is entitled to punitive damages because of defendants "complete and deliberate indifference to the Plaintiff's sexual abuses."  See ECF No. 29 at 23.  For the reasons stated herein, and all of the reasons set forth in defendants moving papers, Plaintiff has not pleaded facts demonstrating knowledge, let alone, deliberate indifference by moving defendants.  Plaintiff has not made even a preliminary showing of actual malice, wanton or willful disregard, evil intent, or callous indifference by moving defendants, given their lack of knowledge pertaining to the allegations set forth in plaintiff's claim.  Accord Allah, 266 F.3d at 252; Coleman, 87 F.3d at 1497; N.J.S.A. 1A:15-5.12.  Accordingly, Plaintiff is not entitled to punitive damages with respect to moving defendants, and to the extent any of Plaintiff's Complaint survives as to them, Plaintiff's claims for punitive damages should be dismissed.

### IV. **Plaintiff's request to amend his complaint should be denied in part.**

Plaintiff has requested permission to amend his complaint if this Court finds his complaint to be vulnerable to dismissal. See ECF No. 29 at 23-24. This request should be denied in part.

Amending a complaint should not be permitted where such an amendment would be futile. See Grayson v. Mayview State Hosp., 793 F.3d 103, 18 (3d Cir. 2002)(citing Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000)). Here, amending Counts I, II, and III would be futile, and should not be permitted.

Plaintiff has conceded that dismissal of Counts I and II is warranted, as the Department of Corrections, as a state entity, is not amenable to suit, and Defendant Hicks as a state official sued in his official capacity, is not considered a person amenable to suit. See ECF No. 29 at 15. Additional facts will not change that. Likewise, additional facts will not change that Moving Defendants are entitled to qualified immunity as to Count III. Thus, dismissal of Counts I, II and III is proper, and an amendment of those counts should not be permitted.[1]

---

[1] To the extent the Court is inclined to dismiss the federal law claims against moving defendants, it would be futile to amend the complaint in federal court, and thus, the court should decline supplemental jurisdiction over any remaining state law claims.

In sum, Moving Defendants reiterate their request for this Court to dismiss Plaintiff's Complaint, in its entirety, as to them.

        Respectfully submitted,

        ANDREW J. BRUCK
        ACTING ATTORNEY GENERAL

By: /s/ Niccole L. Sandora
        Niccole L. Sandora
        Deputy Attorney General

cc: All Counsel of Record via ECF.